1

2

3

4

5

6

7

8

9          UNITED STATES DISTRICT COURT

10          EASTERN DISTRICT OF CALIFORNIA

11

12   DEBRA L. RANDELL,                         No.  2:14-cv-1575-TLN-CMK

13                    Plaintiff,

14                                             **ORDER**

15        v.

16   FLAGSTAR BANK FSB; and GREEN
     TREE SERVICING, LLC
17

18                    Defendants.

19

20        The matter is before the Court on Defendant Flagstar Bank, FSB's ("Flagstar") Motion to

21   Dismiss (ECF No. 14) and Defendant Green Tree Servicing, LLC's ("Green Tree") Motion to

22   Dismiss (ECF No. 4) Plaintiff Debra L. Randell's ("Plaintiff") Complaint (ECF No. 1).  For the

23   reasons discussed below, Defendant Flagstar's Motion to Dismiss is GRANTED IN PART and

24   DENIED IN PART, and Defendant Green Tree's Motion to Dismiss is GRANTED IN PART and

25   DENIED IN PART.

26   ///

27   ///

28   ///

1

1  **I.  Factual allegations**

2          As alleged in the Complaint, Flagstar was the servicer of a loan secured by Plaintiff's

3  home, in Redding, California.[1]  In or around 2009, Plaintiff realized she could no longer afford to

4  make her mortgage payments in full, contacted Flagstar, and requested a loan modification.

5  Subsequently, Plaintiff provided Flagstar the necessary documents to obtain the modification.

6  (ECF No. 1 ¶¶ 13–14.)

7          In or around 2010, Plaintiff filed for Chapter 13 Bankruptcy.  Flagstar then represented to

8  Plaintiff that if she came out of bankruptcy, Flagstar would grant her a modification on the loan.

9  In or around July 2012, Flagstar offered Plaintiff a trial period plan ("TPP"), under which

10  Plaintiff was required to make three payments whereupon she would be granted a permanent loan

11  modification.  Plaintiff alleges she complied with the TPP, and on or around September 21, 2012,

12  Plaintiff was provided a loan modification.  Plaintiff accepted the loan modification and "timely

13  returned the notarized agreement twice" (ECF No. 1 ¶ 20).  From approximately September 2012

14  through May 2013, Plaintiff made the payments on the modified loan, which Flagstar accepted.

15  (ECF No. 1 ¶¶ 15–23.)

16          In or around May, 2013, Flagstar informed Plaintiff that it had "shredded her documents"

17  and it would no longer be honoring the terms of the loan.  Flagstar then sent statements to

18  Plaintiff demanding an amount in excess of what was truly owed, in breach of the modification

19  agreement.  (ECF No. 1 ¶¶ 26–28.)

20          In or around January, 2014, Flagstar transferred the servicing of the loan to Green Tree,

21  who also failed to honor the modification of the loan and demanded payments by Plaintiff in

22  excess of the true amount owed.  (ECF No. 1 ¶¶ 29–31.)

23  **II.  Procedural History**

24          On July 3, 2014, Plaintiff filed the Complaint in this Court.  (ECF No. 1.)  On July 25,

25  2014, Green Tree filed a motion to dismiss and a supporting request for judicial notice.  (ECF

26  

27  [1] As clarified in Green Tree's motion to dismiss, in 2006 Plaintiff borrowed approximately $340,000.00 from
Flagstar to refinance her existing mortgage loan.  Plaintiff executed a promissory note and deed of trust in connection
with the loan, secured by her home.  The deed identified Flagstar as the lender and Plaintiff as the borrower.  (ECF

28  No. 4-1 at 3.)

2

1  Nos. 4 & 5.)  On August 6, 2014, Plaintiff filed an opposition to Green Tree's motion to dismiss.

2  (ECF No. 9).  On August 21, 2014, Green Tree filed a reply.  (ECF No. 10.)

3       On August 27, 2014, Flagstar filed a motion to dismiss and a supporting request for

4  judicial notice.  (ECF Nos. 14 & 15.)  On September 17, 2014, Plaintiff filed an opposition to

5  Flagstar's motion to dismiss and a supporting request for judicial notice.  (ECF Nos. 17 & 18.)

6  On October 1, 2014, Flagstar filed a reply and an additional request for judicial notice.  (ECF

7  Nos. 19 & 20.)[2]

8       In summary, the Complaint brings four causes of actions: 1) breach of contract against

9  both Defendants; 2) beach of the covenant of good faith and fair dealing against both Defendants;

10  3) a promissory estoppel claim against Flagstar only; 4) and a fraud claim against Flagstar only.

11  **III.  Standard of Review**

12       Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain

13  statement of the claim showing that the pleader is entitled to relief."  *See Ashcroft v. Iqbal*, 556

14  U.S. 662, 678–79 (2009).  Under notice pleading in federal court, the complaint must "give the

15  defendant fair notice of what the claim . . . is and the grounds upon which it rests."  *Bell Atlantic*

16  *v. Twombl*y, 550 U.S. 544, 555 (2007) (internal quotations omitted).  "This simplified notice

17  pleading standard relies on liberal discovery rules and summary judgment motions to define

18  disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*,

19  534 U.S. 506, 512 (2002).

20       On a motion to dismiss, the factual allegations of the complaint must be accepted as true.

21  *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give plaintiff the benefit of every

22  reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail*

23  *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege

24

25  [2] Plaintiff objects to the Court's taking judicial notice of Flagstar's request for judicial notice, specifically exhibit 7, which purports to be: letters Flagstar sent to Plaintiff, asking her to subordinate a second deed of trust; and first and second federal tax liens to the deed of trust, in order for a loan modification to be completed.  (ECF No. 15.) Because Plaintiff disputes the authenticity of these documents, the Court cannot find at this juncture that the documents are true and accurate copies of what they purport to be, and that they contain facts "not subject to reasonable dispute." Thus, the Court will not take judicial notice of exhibit 7.  *See* Fed. R. Evid. 201.  Otherwise, given no objections by the parties to the other requests for judicial notice, pursuant to Fed. R. Evid. 201, the Court GRANTS the parties' requests to the extent the exhibits contained therein are true and accurate copies of what they purport to be.  (ECF Nos. 5, 15, 18 & 20.)

3

1    "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

2    relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads

3    factual content that allows the court to draw the reasonable inference that the defendant is liable

4    for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

5         Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of

6    factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir.

7    1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an

8    unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A

9    pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

10   elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

11   ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

12   statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove

13   facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not

14   been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,

15   459 U.S. 519, 526 (1983).

16        Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough

17   facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting

18   *Twombly*, 550 U.S. at 570). Only where a plaintiff fails to "nudge[] [his or her] claims . . . across

19   the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680. While

20   the plausibility requirement is not akin to a probability requirement, it demands more than "a

21   sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a

22   context-specific task that requires the reviewing court to draw on its judicial experience and

23   common sense." *Id.* at 679.

24        In ruling upon a motion to dismiss, the court may consider only the complaint, any

25   exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of

26   Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu*

27   *Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal.

28   1998).

4

1    If a complaint fails to state a plausible claim, "'[a] district court should grant leave to

2    amend even if no request to amend the pleading was made, unless it determines that the pleading

3    could not possibly be cured by the allegation of other facts.'"  *Lopez v. Smith*, 203 F.3d 1122,

4    1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)).

5    **IV.  Analysis: Flagstar's Motion to Dismiss**

6    A.  Judicial estoppel

7    Before addressing whether Plaintiff has alleged enough facts in the Complaint to state a

8    claim, the Court will first address Flagstar's argument that Plaintiff should be judicially estopped

9    from bringing this lawsuit.  "Judicial estoppel is an equitable doctrine that precludes a party from

10   gaining an advantage by asserting one position, and then later seeking an advantage by taking a

11   clearly inconsistent position …This court invokes judicial estoppel not only to prevent a party

12   from gaining an advantage by taking inconsistent positions, but also because of general

13   consideration[s] of the orderly administration of justice and regard for the dignity of judicial

14   proceedings, and to protect against a litigant playing fast and loose with the courts."

15   *Hamilton v. State Farm Fire & Cas. Co.,* 270 F.3d 778, 782 (9th Cir. 2001) (internal quotation

16   marks and citations omitted).

17   Flagstar argues that Plaintiff should be estopped from bringing this instant lawsuit because

18   she did not mention these claims during the pendency of her bankruptcy petition filed on October

19   22, 2012.  *See Hamilton v. State Farm Fire & Cas. Co.,* 270 F.3d 778, 783 (9th Cir. 2001)

20   ("Judicial estoppel will be imposed when the debtor has knowledge of enough facts to know that

21   a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his

22   schedules or disclosure statements to identify the cause of action as a contingent asset").

23   Based on the representations made in Plaintiff's opposition, Plaintiff filed for bankruptcy

24   on October 22, 2012, but did not schedule her claims against Flagstar in this initial bankruptcy.[3]

25   (ECF No. 17.)  Plaintiff alleges she was not informed until May of 2013 that Flagstar was no

26   longer honoring her modification.  The bankruptcy court confirmed a Chapter 13 plan, but

27   Plaintiff dismissed that action on December 2, 2013.  (ECF No. 17 at 3).

28

---

[3] It appears Plaintiff's 2010 bankruptcy mentioned in the Complaint (¶¶ 14–15) was dismissed.

1    Plaintiff alleges that prior to the dismissal of the first bankruptcy she filed for another

2    bankruptcy on November 15, 2013.  On June 23, 2014, Plaintiff amended her schedule in that

3    case and included the instant claim against Flagstar.  She did not file the instant Complaint until

4    July 3, 2014, after the claim was listed in her schedule.  (ECF No. 17 at 3).  That action was also

5    dismissed in December, 2014.  (ECF No. 22.)

6    The Ninth Circuit has set forth several factors which guide the decision to apply judicial

7    estoppel in a particular case.

8    [S]everal factors typically inform the decision whether to apply the
     doctrine in a particular case: First, a party's later position must be

9    clearly inconsistent with its earlier position. [] Second, courts
     regularly inquire whether the party has succeeded in persuading a

10   court to accept that party's earlier position, so that judicial
     acceptance of an inconsistent position in a later proceeding would

11   create the perception that either the first or the second court was
     misled.  Absent success in a prior proceeding, a party's later

12   inconsistent position introduces no risk of inconsistent court
     determinations, [], and thus no threat to judicial integrity.  A third

13   consideration is whether the party seeking to assert an inconsistent
     position would derive an unfair advantage or impose an unfair

14   detriment on the opposing party if not estopped.  [] In enumerating
     these factors, we do not establish inflexible prerequisites or an

15   exhaustive formula for determining the applicability of judicial
     estoppel.  Additional considerations may inform the doctrine's

16   application in specific factual contexts.  In this case, we simply
     observe that the factors above firmly tip the balance of equities in

17   favor of barring [plaintiff's] present complaint.

18   *Hamilton v. State Farm Fire & Cas. Co*., 270 F.3d 778, 782–83 (9th Cir. 2001) (internal

19   quotation marks and citations omitted).

20   Looking to these factors, the Court declines to apply judicial estoppel to Plaintiff's claims.

21   First, it is not certain, without further fact finding, that Plaintiff took a "clearly inconsistent"

22   position between an earlier bankruptcy action and subsequent bankruptcy actions or the instant

23   lawsuit.  *Id*.  Based on the complaint, Plaintiff alleges a breach of the modification agreement

24   occurred in May, 2013.   Claims regarding this breach could not have been included in her initial

25   petition filed in October, 2012.  Plaintiff did not amend her schedule to include the instant claim,

26   but ultimately, that action was voluntarily dismissed.  Notably, Flagstar's motion to dismiss does

27   not mention the most recent bankruptcy action, which did list a claim against Flagstar.  (*See* Pl.'s

28   RJN, ECF No. 18, Ex. 3.)  Second, Flagstar makes no specific allegation regarding Plaintiff's

1    "succeeding in persuading a court to accept that party's earlier position," rather Flagstar simply

2    asserts that Plaintiff did not amend her schedule.  *Id*.  Third, Flagstar provides no specific

3    explanation for why failing to amend a schedule in a bankruptcy petition that was dismissed

4    permits Plaintiff to derive an unfair advantage or impose an unfair detriment over Flagstar.

5    Drawing the facts in favor of Plaintiff, it cannot be said that the aforementioned factors "firmly

6    tip the balance of equities" in favor of barring the complaint in full.  *Id*.  Therefore, Flagstar's

7    motion to dismiss on the basis of judicial estoppel is DENIED.

8    B.  Breach of Contract

9          To sustain a claim for breach of contract, Plaintiff must allege: (1) the existence of a

10   contract; (2) Plaintiff's performance or excuse for nonperformance; (3) Defendants' breach; and

11   (4) resulting damage to the Plaintiff.  *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821

12   (2011).

13         Flagstar argues a valid contract never existed because the September 21st letter attached to

14   the modification document, and the modification document itself, state that no modification

15   would be effective unless the modification document was signed by Plaintiff and Flagstar.  (*See*

16   Sept. 21 Letter re: Modification, ECF No. 1, Ex. A, stating, "This modification agreement will

17   not be binding or effective unless and until it has been signed by both you and Flagstar Bank,

18   FSB … have [the enclosed documents] signed in the presence of a notary....") Flagstar also argues

19   that Plaintiff failed to meet other conditions, such as obtaining liens to ensure that Flagstar's deed

20   of trust remained in the first position, and ensuring that her financial condition remained

21   unchanged (as opposed to filing for bankruptcy).

22         However, Plaintiff has alleged that Flagstar represented to her that if she came out of

23   bankruptcy, then she would be offered a loan modification.  (ECF No. 1 ¶ 15.)  Flagstar then

24   offered her the TPP as a precondition for the modification, which she complied with by making

25   the necessary payments.  (ECF No. 1 ¶¶ 16–18.)   Plaintiff alleges she was subsequently provided

26   with a loan modification agreement, and that she "accepted the loan modification and timely

27   returned the notarized agreement twice."  (ECF No. 1 ¶¶ 19–21.)  Plaintiff alleges she paid

28   additional fees to Flagstar to implement the modification, and that she made the payments on the

7

1    modified loan from September, 2012 through May, 2013.  (ECF No. 1 ¶¶ 22–23.)

2         Defendants' allegations regarding other documents not completed as part of the loan

3    modification application, and Plaintiff's financial conditions, raise factual issues that cannot be

4    resolved on a motion to dismiss, since Plaintiff need only allege "enough facts to state a claim to

5    relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

6    Drawing the facts in favor of Plaintiff, she has alleged the existence of a contract for a loan

7    modification, and that she performed under the terms of the agreement.

8         Flagstar also argues there cannot be a breach because Plaintiff has not alleged she made

9    payments after May, 2013, which would put Plaintiff herself in breach.  But Plaintiff alleges that,

10   in May, 2013, Flagstar "shredded her documents and that it would no longer be honoring the

11   terms of the modified [l]oan."  (ECF No. 1 ¶ 27.)  Drawing the facts in favor of Plaintiff, she has

12   sufficiently alleged that Flagstar breached so as to excuse Plaintiff's performance.  Plaintiff has

13   also alleged damages, in that Flagstar demanded payments in excess of the terms of that

14   modification.  (ECF No. 1 ¶ 28.)

15        For the reasons discussed, thus, Flagstar's motion to dismiss Plaintiff's first claim is

16   DENIED.

17   C.  Breach of Duty of Good Faith and Fair Dealing

18        "Under California law, which applies, all contracts contain an implied covenant of good

19   faith and fair dealing. [citations]  This covenant requires each contracting party to refrain from

20   doing anything to injure the right of the other to receive the benefits of the agreement."  *San Jose*

21   *Prod. Credit Ass'n v. Old Republic Life Ins. Co*., 723 F.2d 700, 703 (9th Cir. 1984) (internal

22   quotation marks omitted).

23        Flagstar alleges that there "is no tort cause of action in California for breach of the

24   convenant of good faith and fair dealing apart from the insurance context."  (ECF No. 14-1 at 8.)

25   *See Mitsui Mfrs. Bank v. Superior Court*, 212 Cal. App. 3d 726, 730 (1989).   But the California

26   appellate court, in *Bushel v. JPMorgan Chase Bank, N.A.,* 220 Cal. App. 4th 915 (2013), clearly

27   permitted this cause of action to proceed in the loan modification context.  *See id.* at 929 ("But

28   according to plaintiffs, [defendant] did not hold up to its end of the bargain – it never offered a

1    permanent modification.  On the contrary, defendant is alleged to have strung plaintiffs along,

2    without confirming or denying a permanent modification … Plaintiffs have sufficiently alleged a

3    contractual breach of the implied covenant of good faith and fair dealing.")  The allegations here

4    are not as egregious as those in *Bushel*, but they are analogous, and must be drawn in a light

5    favorable to Plaintiff.  Therefore, Flagstar's motion to dismiss Plaintiff's second claim is

6    DENIED.[4]

7    D. Promissory estoppel

8          "The elements of a promissory estoppel claim are as follows: (1) a promise clear and

9    unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) [the]

10   reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be

11   injured by his reliance."  *U.S. Ecology Inc. v. State of California*, 129 Cal. App. 4th 887, 901

12   (2005).  "A cause of action for promissory estoppel is basically the same as contract actions, but

13   only missing the consideration element."  *Yari v. Producers Guild of America, Inc.*, 161 Cal. App.

14   4th 172, 182 (2008) (internal quotation marks omitted).

15         Flagstar does not direct the Court to any authority showing a breach of contract claim is

16   exclusive of a promissory estoppel claim.  Flagstar's argument is that, generally, this claim must

17   fail for the same reasons the breach of contract claim does.  However, the Court has found

18   Plaintiff alleges sufficient facts to proceed with a breach of contract claim.

19         Arguably, as to the instant claim, Plaintiff fails to show reliance and a resulting injury.

20   Plaintiff does, however, allege Flagstar represented to her that if she left her 2010 bankruptcy,

21   Flagstar would grant her a loan modification.  Plaintiff left that bankruptcy.  (ECF No. 1 ¶ 15;

22   ECF No. 17 at 9.)  Plaintiff also alleges she engaged in the loan modification process, and made

23   payments in furtherance of both, but Flagstar breached.  (ECF No. ¶¶ 16–28.)  *See Bushel*, 220

24   Cal. App. 4th at 930 (finding plaintiffs had "detrimentally relied on [defendant's] promise to

25

26   ───────────────
     [4] Flagstar also points out that the existence of an enforceable contract is a prerequisite for finding this claim
     actionable, but the Court has found Plaintiff adequately alleges the existence of a contract.  As a practical matter, an
27   independent claim for breach of the duty of good faith and fair dealing may make no difference to any relief afforded
     to Plaintiff, as Flagstar points out with reference to *Guz v. Bechtel National, Inc.*, 24 Cal. 4th 317, 350 (2000)
28   (finding the claim superfluous where all it did was re-allege the breach of contract claim in breach of fair dealing
     terms).

1  permanently modify their loan by repeatedly contacting [defendant], by repeatedly preparing

2  documents at [defendant's] request, by discontinuing efforts to pursue a refinance from other

3  financial institutions or to pursue other means of avoiding foreclosure, and by losing their home

4  and making it unlikely they could purchase another one.")  The allegations here are not as

5  egregious as those in *Bushel*, but they are a variant of those allegations.  Drawing the facts in

6  favor of Plaintiff, Plaintiff has adequately alleged reliance and a resulting injury.

7          Thus, Flagstar's motion to dismiss Plaintiff's third cause of action is DENIED.

8  E.  Fraud / False Promise

9          To plead a fraud claim based on affirmative misrepresentations, a party must allege: (1) a

10 knowingly false representation by the defendant; (2) an intent to deceive or induce reliance; (3)

11 justifiable reliance by the plaintiff; and (4) resulting damages.  *Croeni v. Goldstein*, 21 Cal. App.

12 4th 754, 758 (1994).

13         Generally, Plaintiff recites these elements (ECF No. 1 ¶¶ 54–62) but does not plead

14 adequate facts to support a plausible claim for relief.  For example, Plaintiff pleads no facts

15 indicating Flagstar intended not to carry through on its promise to modify her loan.

16         Fraud claims must also be pleaded according to the heightened particularity requirements

17 of Fed. R. Civ. Proc. 9(b).  *See Kearns v. Ford Motor Co.* 567 F.3d 1120, 1124 (9th Cir. 2009)

18 ("Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to

19 give defendants notice of the particular misconduct ... so that they can defend against the charge

20 and not just deny that they have done anything wrong. [] Averments of fraud must be

21 accompanied by 'the who, what, when, where, and how' of the misconduct charged. [] A party

22 alleging fraud must set forth *more* than the neutral facts necessary to identify the transaction")

23 (internal citations and quotation marks omitted).

24         Since the instant complaint does not contain any particular averments of fraud, Flagstar's

25 motion to dismiss Plaintiff's fourth cause of action is GRANTED, with leave to amend.

26 **V.  Analysis: Green Tree's Motion to Dismiss**

27         Plaintiff's allegations with respect to Green Tree are that in or around January, 2014,

28 Flagstar transferred the servicing of the loan to Green Tree, who also failed to honor the

10

1   modification of the loan and demanded payments by Plaintiff in excess of the true amount owed.

2   (ECF No. 1 ¶¶ 29–31.)  Plaintiff brings only her first and second causes of action (breach of

3   contract and breach of the covenant of good faith and fair dealing) against Green Tree.

4          Plaintiff argues that the servicer to whom the loan has been transferred (here, Green Tree)

5   must honor the same modification granted by Flagstar, and in support cites to *Johnson v. HSBC*

6   *Bank, USA., N.A.,* 2012 WL 928433 (S.D. Cal. March 19, 2012); *Rampp v. Ocwen Financial*

7   *Corporation,* 2012 WL 2995066 (S.D. Cal. July 23, 2012); *Karimian v. Caliber Home Loans*,

8   2013 WL 5947966 (C.D. Cal. Nov. 4, 2013); and *Lewis v. Bank of America*, *N.A.,* 2013 WL

9   7118066 (C.D. Cal. Dec. 18, 2013).

10         *Karimian* is inapposite because the issue there was the original loan servicer's motion to

11   dismiss, not the successor servicer.  *Karimian*, 2013 WL 5947966 at *1.  *Johnson* also does not

12   necessarily support Plaintiff because the successor servicer entered into a new modification

13   agreement with Plaintiff after taking over the servicing of the loan.  *Johnson*, 2012 WL 928433 at

14   *1.

15         *Rammp* and *Lewis* support Plaintiff.  In *Rammp*, the plaintiff alleged that the successor

16   loan servicer, Ocwen Loan Servicing, LLC, had wrongfully refused to honor a loan modification

17   entered into with the prior loan servicer.  *Id.* at *1.  The court permitted plaintiff to bring a breach

18   of contract action, and found that "[a]lthough Ocwen Loan Servicing, LLC, did not itself sign the

19   modification agreement, it presumably is bound by modification agreements entered into [by] …

20   the prior servicer."  *Rampp,* 2012 WL 2995066 at *3.  Likewise, in *Lewis*, the court found

21   permissible plaintiff's claims (for declaratory relief and a violation of California's Unfair

22   Competition law), based on allegations that the successor servicer acquired a promissory note

23   attached to the subject property, but refused to accept payments pursuant to a previous loan

24   modification agreement and denied that such an agreement existed.  *Lewis*, 2013 WL 7118066 at

25   * 3–4.

26         Accordingly, Plaintiff states a claim for breach of contract (claim 1) against Green Tree,

27   based on her allegations that there existed a valid loan modification agreement with Flagstar, and

28   that she was entitled to performance of the same agreement upon transfer to Green Tree.  Green

1   Tree's motion to dismiss the first cause of action is DENIED.

2          However, Plaintiff has alleged no facts indicating Green Tree breached the covenant of

3   good faith and fair dealing (claim 2).  All of the facts alleged in this regard – that Flagstar induced

4   her to leave a bankruptcy, represented to her that completion of the TPP would ensure a loan

5   modification, that she was paying under the terms of the modification when that agreement was

6   abruptly cut short – are restricted to Flagstar.  Therefore, Green Tree's motion to dismiss as to the

7   second cause of action is GRANTED, with leave to amend.

8   **VI.  Conclusion**

9          Defendant Flagstar's Motion to Dismiss (ECF No. 14) is DENIED with respect to claim 1

10  (breach of contract), claim 2 (breach of the covenant of good faith and fair dealing), and claim 3

11  (promissory estoppel); and GRANTED with respect to claim 4 (fraud) with leave for Plaintiff to

12  amend.

13         Defendant Green Tree's Motion to Dismiss (ECF No. 4) is DENIED with respect to claim

14  1 (breach of contract); and GRANTED with respect to claim 2 (breach of the covenant of good

15  faith and fair dealing) with leave for Plaintiff to amend.

16         Plaintiff shall file and serve a First Amended Complaint within 21 days of entry of this

17  order.  Defendants shall file responsive pleadings within 21 days of service of the First Amended

18  Complaint.

19

20  Dated:  May 6, 2015

21

22                                            Troy L. Nunley

23                                            United States District Judge

24

25

26

27

28

12